UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-61568-Civ-MARTINEZ
MAGISTRATE JUDGE P. A. WHITE

PATRICK DESTINE,                    :

      Petitioner,               :

v.                                  :          <u>REPORT OF</u>
                                               <u>MAGISTRATE JUDGE</u>
JAMES McDONOUGH,                    :

      Respondent.               :
_____

    Patrick Destine, a state prisoner confined at Dade Correctional Institution, has filed a <u>pro se</u> petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, challenging the constitutionality of his convictions of first degree murder and attempted first degree murder entered on a jury verdict in Broward County Circuit Court case number 96-15506 CF10B.

    This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

    For its consideration of this petition the Court has the response of the state to an order to show cause with multiple exhibits.

    Destine makes the following claims:

        1.   The evidence was insufficient to sustain his convictions.

        2.   The trial court violated his constitutional rights by allowing a

police officer to testify that a fellow officer did not believe his statement.

3.  His right to due process was violated when the court erroneously limited the cross examination of witness Genira LaFrance.

4.  His right to due process was violated when the court refused to give a requested jury instruction regarding the voluntariness of his statement to the police.

5.  His right to due process was violated by the prosecutor's closing argument, which urged the jurors to apply a standard other than reasonable doubt.

6.  He received ineffective assistance of counsel when his attorney failed to object properly to the police officers' testimony that they did not believe his statement.

7.  He received ineffective assistance of counsel when his attorney failed to object and move for mistrial after the prosecutor's improper closing argument.

8.  He received ineffective assistance of counsel when his attorney failed to move to dismiss the indictment on the ground that perjured testimony was presented to the grand jury.

The record reflects that Destine, along with two codefendants, was charged by indictment with the first degree murder of Clement Timothy and the attempted first degree murder of Gene Therville. [DE 14, Ex.5 at 1] Both of the victims were shot at a gathering to celebrate Therville's impending marriage. [DE 14, Ex.1 at 1] The state proceeded on the theory that the petitioner abetted the codefendants, who were the shooters. [Id.]

2

Destine was tried to a jury in August, 1999, and was convicted as charged of both offenses. On October 21, 1999, he was sentenced to two terms of life in prison. [DE 1 at 1]

Destine prosecuted a direct appeal, raising the following claims:

1.   The evidence did not support the convictions.

2.   The court erred in allowing testimony that the officers did not believe him.

3.   The court erred in limiting the cross examination of Genira LaFrance.

4.   The court erred in refusing to give a requested jury instruction regarding his statement to the police.

5.   Fundamental reversible error occurred in the state's final argument.

6.   The fifteen-year minimum mandatory provision of his sentence for attempted first degree murder is unlawful.

[DE 14, Ex.1]

On November 28, 2001, Destine's convictions and sentence were affirmed without written opinion. Destine v. State, 806 So.2d 494 (Fla. 4 DCA 2001)(table).

On May 14, 2001, Destine submitted a motion for postconviction relief pursuant to Fla.R.Cr.P. 3.850, followed by two supplements, in which he raised in pertinent part claims 6 through 8 of this federal petition, as listed above. [DE 14, Ex.2-4] The trial court denied a number of Destine's claims on the basis of the state's response to an order to show cause [DE 14, Ex.5-6], and conducted

3

an evidentiary hearing on other issues, including claims 6 through 8 of this federal petition, as listed above. [DE 14, Ex.8] Those claims eventually were denied as well in a written order which will be discussed in greater detail below [DE 14, Ex.9], and the denial of relief subsequently was affirmed without comment, <u>Destine v. State</u>, 923 So.2d 509 (Fla. 4 DCA 2005)(table), with the mandate issuing on February 23, 2006. [DE 14, Ex.12, 14]

On April 19, 2006, Destine filed a motion for a state writ of habeas corpus, asserting claims of ineffective appellate representation which are not substantively pertinent here. [DE 14, Ex.15] Relief was summarily denied on the merits on May 15, 2006 [DE 14, Ex.16], and this federal proceeding ensued on October 13, 2006.[1]

The respondent correctly acknowledges that this petition was filed timely pursuant to 28 U.S.C. §2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996. <u>Artuz v. Bennett</u>, 531 U.S. 4 (2000) (pendency of properly-filed state postconviction proceedings tolls the AEDPA limitations period). In addition, the respondent rightfully does not challenge any of Destine's claims on the basis of the exhaustion requirement. <u>Anderson v. Harless</u>, 459 U.S. 4 (1982)(issues raised in a federal habeas corpus petition must have been fairly presented to the state courts and thereby exhausted).

Section 104(d) of the AEDPA [28 U.S.C. §2254(d)] sets out a

---

[1]The Eleventh Circuit recognizes the "mailbox" rule in connection with the filing of a prisoner's petition for writ of habeas corpus. <u>Vanderberg v. Donaldson</u>, 259 F.3d 1321 (11 Cir. 2001); <u>Adams v. U.S.</u>, 173 F.3d 1339 (11 Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing). [DE 1 at 7]

significant new restriction upon the ability of federal courts to grant habeas corpus relief. It provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the claim --
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In Williams v. Taylor, 529 U.S. 362 (1999), the Supreme Court interpreted this provision as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

"Clearly established federal law" refers to the holdings of the United States Supreme Court as of the time of the relevant state court decision. Putnam v. Head, 268 F.3d 1223, 1241 (11 Cir.

2001). A state court's decision is "contrary to" clearly established federal law if the state court 1) applied a rule that contradicts United States Supreme Court case law, or 2) arrived at a result different from that reached in a United States Supreme Court decision when faced with materially indistinguishable facts. Id.; see also, Fugate v. Head, 261 F.3d 1206, 1215-16 (11 Cir. 2001). A state court arrives at an "unreasonable application" of clearly established federal law if it 1) unreasonably applies a correct legal principle for Supreme Court case law to the facts of a petitioner's case, or 2) unreasonably extends or declines to extend a legal principle from Supreme Court case law to a new situation. Id. In this context, an "unreasonable application" is an "objectively unreasonable" application. Williams v. Taylor, supra at 409.

The Eleventh Circuit has stressed the importance of this new standard, stating that the AEDPA "places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court." Crawford v. Head, 311 F.3d 1288, 1295 (11 Cir. 2002). Specifically, the AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal 'retrials' and to ensure that state court convictions are given effect to the extent possible under law." Crawford, supra at 1295, quoting Bell v. Cone, 535 U.S. 685 (2002).

In his first claim, Destine argues that the evidence was insufficient to sustain his convictions. Florida and federal courts employ the same test for the sufficiency of the evidence: that is, whether a "rational trier of fact could have found proof of guilt beyond a reasonable doubt." Melendez v. State, 498 So.2d 1258,

1261 (Fla. 1986)(citing <u>Jackson v. Virginia</u>, 443 U.S. 307 (1979)).

In this case, Destine was charged as a principal with premeditated first degree murder under <u>Fla.Stat</u>. §782.04(1), which defines that crime as "the unlawful killing of a human being when perpetrated from a premeditated design to effect the death of the person killed or any human being." Under Florida law, both the actor and those who aid and abet in the commission of a crime are principals in the first degree. <u>Fla. Stat</u>. §777.011; <u>see</u> <u>Bryant v. State</u>, 412 So.2d 347, 350 (Fla. 1982)("[T]he felony murder rule and the law of principles [sic] combine to make a felon liable for the acts of his co-felons."). To be guilty as a principal for a crime physically committed by another, one must intend that the crime be committed and must do some act in furtherance of the crime. <u>Staten v. State</u>, 519 So.2d 622 (Fla. 1988). The intent element can be satisfied by a showing either that the aider and abettor personally had the requisite intent, or that he knew the principal possessed it. <u>Stark v. State</u>, 316 So.2d 586, 587 (Fla. 4 DCA 1975). As perpetrators of an underlying felony, co-felons are principals in any homicide committed in furtherance of the initial common criminal design, regardless of whether they physically participated in the killing. <u>Jacobs v. State</u>, 396 So.2d 716 (Fla. 1981).

Evidence at trial in this case showed that Destine, along with codefendants Kendel Durand and Vanel St. Hillaire, met on August 16 and 17, 1996, for the purpose of robbing "some Haitians." [T.484-90] Destine gave a statement to the police in which he admitted being with Durand and St. Hillaire, and he admitted his part in the robbery. [T. 536-45, 617-22] It was planned that the "hit" would take place at a party, and Destine told his codefendants that he knew and was known by people who would be at the party, and he did not want a confrontation to occur. [T.618] However, Destine was

7

with Durand when Durand got two masks and two guns to use in the robbery, and together they procured 150 rounds of ammunition. [Id.] It was planned that Destine, Durand, and St. Hillaire would bicycle to the party, and Destine would stay outside and watch the bicycles while the other two men would rob the people at the party. [T.619] Although Destine claimed that he did not know anyone was going to be killed, he admitted that he knew that $600.00 had been paid for a contract killing. [T.540]

At the party, Durand and St. Hillaire, wearing masks, approached a group of people, and Durand shot Gene Therville in the head. Clement Timothy, another guest, thereupon shot Durand, and Durand returned fire, killing Timothy. Both Durand and St. Hillaire fled but were arrested a short time later; Destine was arrested in Boston two months thereafter, and gave a statement to the police. [DE 14, Ex.1 at 1-4]

Under these circumstances, taken in the light more favorable to the state, there was sufficient evidence from which a rational trier of fact could have found proof beyond a reasonable doubt that Destine was a principal in the first-degree murder of the decedent and the attempted first degree murder of Therville. Jackson v. Virginia, supra; Jacobs v. State, supra. Accordingly, the state appellate court's rejection of Destine's first claim was in accord with applicable federal principles, and the same result should pertain here. Williams v. Taylor, supra.

In his second claim, Destine asserts that the trial court violated his constitutional rights by allowing police officers to testify that they did not believe his statement. Specifically, Trooper Coughlin, one of the Boston officers who arrested Destine, testified as follows:

8

> PROSECUTOR: Did there come a time, when you guys said to Mr, Destine, or questioned the veracity of what he was saying during this interview process?
>
> TROOPER: Yes.[2]
>
> PROSECUTOR: Can you tell us about that, please?
>
> TROOPER: Sergeant Mathews, basically, said that we didn't believe him –
>
>> DEFENSE COUNSEL: I will object to what Sergeant Mathews is saying. Move to strike.
>>
>> THE COURT: Overruled.
>
> PROSECUTOR: Overruled. Go ahead.
>
> TROOPER: We didn't believe him, because he is saying that he is nowhere near the area, and then he is on Sixth Avenue. And then he is saying that he can hear the shots fired. We said, look, we told him, based upon what we knew, we didn't believe him.
>
> [T.539-40]

Federal courts will grant habeas corpus relief on the basis of a state evidentiary ruling only if the ruling adversely affects the fundamental fairness of the trial. Estelle v. McGuire, 502 U.S. 62 (1991); Sims v. Singletary, 155 F.3d 1312 (11 Cir. 1998)(denying habeas corpus relief on a claim that a motion for mistrial was

---

[2]Although the trooper's answer appears as "no" in the trial transcript on file with this court [T.539], it was explained in the initial brief on direct appeal that the reporter subsequently filed a supplemental record in the state court, "containing ... slightly more accurate transcripts of the testimony of the two troopers," and in that supplemental record the trooper answered "yes" to counsel's question. [DE 14. Ex.1 at 19, n.4]

wrongfully denied). Such rulings are subject to the harmless error analysis and will support habeas relief only if the error "had substantial and injurious effect or influence in determining the jury's verdict." Id., quoting Brecht v. Abrahamson, 507 U.S. 619, 623 (1993). In general, federal courts are reluctant to second-guess state evidentiary rulings, recognizing that states deserve wide latitude in that area, Maness v. Wainwright, 512 F.2d 88, 92 (5 Cir. 1975), so federal habeas corpus relief is rarely deemed appropriate for claims predicated on allegations of state evidentiary error. Boykins v. Wainwright, 737 F.2d 1539, 1543-44 (11 Cir.), cert. denied, 470 U.S. 1059 (1985). Here, it is apparent that Trooper Coughlin's reference to Sergeant Mathews' comment did not infect the fundamental fairness of Destine's trial, so habeas corpus relief is not warranted on his second claim.

In his third claim, Destine contends that his right to due process was violated when the court erroneously limited the cross examination of Genira LaFrance, the roommate of codefendant Durand's girlfriend, who was in jail on an armed burglary charge at the time she testified at Destine's trial. [DE 1, Ex.1 at 2] The record reveals that during cross examination, the following exchange occurred:

> DEFENSE COUNSEL: And at the time of April 7, 1999, you knew that you already had a warrant out, and that you are going to be charged for armed burglary, didn't you?
>
> WITNESS: No.
>
> DEFENSE COUNSEL: You didn't know that the witnesses were there and had observed you going into the apartment -
>
> PROSECUTOR: Objection, Judge.
>
> THE COURT: I will sustain the

10

objection.

[T.500]

At the court's invitation, defense counsel proffered that LaFrance was a defendant in a pending criminal prosecution, and counsel wished to have her testify as to when she found out that she would be charged in that case. However, during the proffer, counsel attempted to delve into the facts of the pending case, and the state objected that the witness did not have counsel present and her testimony could be used against her. [T.501-03] The court agreed and sustained the objection. [T.503] The jury was then returned to the courtroom, and what it heard was the following exchange:

> DEFENSE COUNSEL: All right. Ma'am, you're currently in jail on armed burglary charges; is that correct?
>
> WITNESS: Yeah.
>
> DEFENSE COUNSEL: You have not gone to trial?
>
> WITNESS: No.
>
> DEFENSE COUNSEL: You have not entered a plea of any kind?
>
> WITNESS: NO.
>
> DEFENSE COUNSEL: Have you gotten any benefit for your testimony here today?
>
> WITNESS: No.
>
> DEFENSE COUNSEL: Are you anticipating that you're going to receive some benefit for your testimony here today?
>
> WITNESS: No.

DEFENSE COUNSEL: Would you like to benefit for your testimony here today?

WITNESS: No.

DEFENSE COUNSEL: No?

WITNESS: No.

[T.504-05]

Under Florida law, a trial court has wide discretion with respect to the admissibility of evidence, and such a ruling will not be disturbed in the absence of a abuse of discretion. <u>Jent v. State</u>, 408 So.2d 1024 (Fla. 1981). Where the probative value of evidence sought to be introduced during cross-examination is outweighed by the danger of unfair prejudice, a trial court does not abuse its discretion by limiting the cross-examination. <u>Fla.Stat</u>. §90.403; <u>Javers v. State</u>, 712 So.2d 443 (Fla. 3 DCA 1998). Here, defense counsel was able to cross examine the witness with the fact of her pending criminal charges and the possibility that she might derive some benefit there for her testimony against Destine. Under these circumstances, the court's decision not to allow questions about the specifics of her offense did not compromise the fundamental fairness of Destine's trial, so federal relief is not warranted on his third claim. <u>Estelle v. McGuire</u>, <u>supra</u>; <u>Sims v. Singletary</u>, <u>supra</u>.

In his fourth claim, Destine asserts that his right to due process was violated when the court refused to give a requested jury instruction regarding his statement to the police. Alleged errors in a state court's jury instructions form no basis for federal habeas corpus relief unless they are so prejudicial as to render the trial fundamentally unfair. <u>Jones v. Kemp</u>, 794 F.2d 1536 (11 Cir. 1986); <u>Bryan v. Wainwright</u>, 588 F.2d 1108 (5 Cir. 1979);

Pleas v. Wainwright, 441 F.2d 56 (5 Cir. 1971). A jury charge is adequate if, viewed as a whole, it fairly and correctly states the issues and law. United States v. Russell, 717 F.2d 518, 521 (11 Cir. 1983); United States v. Bosby, 675 F.2d 1174, 1184 (11 Cir. 1982). Where the error alleged is an incomplete or omitted instruction, a habeas corpus petitioner bears an especially heavy burden, because an incomplete or omitted instruction is less likely to be prejudicial than an overt misstatement of the law. Henderson v. Kibbe, 431 U.S. 145, 154 (1977); Jacobs v. Singletary, 952 F.2d 1282, 1290 (11 Cir. 1992).

In this case, the defense requested a special instruction on the voluntariness of a confession based on the case of Arizona v. Fulminante, 499 U.S. 279 (1991). [T.871-72] However, the court declined to give the special instruction and instead gave the standard Florida jury instruction on determining the voluntariness of Destine's confession. [T. 997] That decision was upheld on Destine's direct appeal. Destine v. State, supra.

Florida law holds that its standard jury instructions are presumed to be correct. Elledge v. State, 706 So.2d 1340 (Fla. 1997). In Funchess v. Wainwright, 772 F.2d 683, 691 (11 Cir.), cert. denied, 475 U.S. 1031 (1986), a Florida petitioner for §2254 relief argued that his lawyer rendered ineffective assistance by failing to request special instructions not recognized by inclusion in the Florida Standard Jury Instructions, but the Eleventh Circuit rejected that position, reasoning that because the Florida Supreme Court had approved the standard instruction and its interpretation of state law is not assailable in a federal habeas corpus proceeding, counsel was not ineffective for allowing the standard instruction to be given. Here, then, where the jury received the standard instruction on the voluntariness of a confession that was

13

approved by the Florida Supreme Court, the fact that Destine's requested special instruction was omitted states no basis for federal relief. <u>Henderson v. Kibbe</u>, <u>supra</u>.

In his fifth claim, Destine argues that his right to due process was violated by the prosecutor's closing argument, which urged the jurors to apply a standard other than reasonable doubt. In pertinent part, the prosecutor argued as follows:

> Hanky panky. Games. It makes sense to read that portion and then to talk to the police whatever he wants to tell them, and he decided whatever he wants to talk to them about. In our system, in our country, this system is based on a search of the truth. Not a search for a reasonable doubts [sic], a search for the truth.
>
>       *     *     *
>
> It is a search for the truth, not a search for reasonable doubts ... .
>
>                 [T.964-65]

The prosecutor concluded his remarks with a story about a neighbor child who told him a riddle he failed to solve [T.971-72], and then he returned to the theme of the search for truth, stating:

> It may be trite indicative [sic], but it illustrates in li[f]e, when you over analyze, you turn them all upside down and inside out, and you miss it. I hope that I had the intelligence in second grad[e] to answer that riddle, but I didn't [w]hen I tried to use the analytical skills that I hopefully have now. Similarly, that's what a jury trial is about. It is a search for the truth not a search for doubts.

[T.972]

On direct appeal, Destine argued as he does here that these statements prejudicially misstated the burden of proof [DE 14, Ex.1 at 37-42], but his convictions nonetheless were affirmed. State v. Destine, supra.

The standard for federal habeas corpus review of a claim of prosecutorial misconduct is whether the actions rendered the trial fundamentally unfair. Donnelly v. DeChristoforo, 416 U.S. 637, 642-45 (1974); Hall v. Wainwright, 733 F.2d 766, 773 (11 Cir. 1984). In assessing whether the fundamental fairness of the trial was compromised, the totality of the circumstances are to be considered in the context of the entire trial. Hance v. Zant, 696 F.2d 940 (11 Cir.), cert. denied, 463 U.S. 1210 (1983). "Such a determination depends on whether there is a reasonable probability that, in the absence of the improper remarks, the outcome of the trial would have been different." Williams v. Weldon, 828 F.2d 1018 (11 Cir.), cert. denied, 485 U.S. 964 (1988). Here, in the context of the record as a whole, it is apparent that the prosecutor's arguments did not impair the fundamental fairness of Destine's trial, especially since federal courts recognize that a trial in fact is a "search for truth" which is "central to our system of justice." Arizona v. Fulminante, supra. Consequently, habeas corpus relief on Destine's fifth claim is not warranted.

In the remainder of his claims, Destine asserts that he received ineffective assistance of trial counsel for various reasons. To prevail on a claim of ineffective assistance, a petitioner must demonstrate both that his attorney's efforts fell below constitutional standards, and that he suffered prejudice as a result. Strickland v. Washington, 466 U.S. 668 (1984). A claim of

15

ineffective assistance of counsel fails unless both prongs of the
Strickland analysis are satisfied. Waters v. Thomas, 46 F.3d 1506,
1510 (11 Cir. 1995). Review of counsel's conduct is to be highly
deferential, Spaziano v. Singletary, 36 F.3d 1028, 1039 (11 Cir.
1994), and second-guessing of an attorney's performance is not
permitted. White v. Singletary, 972 F.2d 1218, 1220 (11 Cir.
1992)("Courts should at the start presume effectiveness and should
always avoid second-guessing with the benefit of hindsight.");
Atkins v. Singletary, 965 F.2d 952, 958 (11 Cir. 1992). Because a
"wide range" of performance is constitutionally acceptable, "the
cases in which habeas petitioners can properly prevail on the
ground of ineffective assistance of counsel are few and far
between." Rogers v. Zant, 13 F.2d 384, 386 (11 Cir. 1994).

In claim six, Destine charges that he received ineffective
assistance of counsel when his attorney failed properly to object
to the police officers' testimony that they did not believe his
statement. That contention was one of the claims considered at the
postconviction evidentiary hearing, and was rejected in a written
order where the state court expressly looked to Strickland for
authority, and held:

> As to Claim V(a), in which Destine
> alleges that trial counsel rendered
> ineffective assistance by failing to
> succinctly object to testimony from a
> Boston police officer, to the effect that
> he had not believed the defendant's first
> statement to the authorities, this Court
> notes that counsel did object to this
> testimony and that such objection was
> overruled. This Court credits the
> testimony of [defense] Attorney Heyer-
> Gold, to the effect that this testimony,
> even if objectionable, was consistent
> with her strategy and favorable to the
> defense, in that counsel's strategy was
> to attack the credibility of Destine's

statements. This Court further finds that
this testimony was admissible to explain
the actions of the officers in seeking a
second statement from the defendant, and
that no prejudice resulted from any
omission of counsel under all of these
circumstances.

[DE 14, Ex.9 at 2-3]

The trial court's determination subsequently was upheld on appeal. Destine v. State, supra.

Federal law is consistent with the principles discussed in the state court's order. It is well settled in federal jurisprudence that tactical or strategic choices by counsel cannot support a collateral claim of ineffective assistance. McNeal v. Wainwright, 722 F.2d 674 (11 Cir. 1984); United States v. Costa, 691 F.2d 1358 (11 Cir. 1982); Coco v. United States, 569 F.2d 367 (5 Cir. 1978). In addition, to the extent that the state court determined defense counsel's testimony to be credible, post-AEDPA cases make it clear the deference which federal courts are now required to  pay to state court factual determinations under §2254(e)(1) is mandatory. Mendiola v. Schomig, 244 F.3d 589, 597-98 (7 Cir.), cert.denied, 533 U.S. 949 (2001). Where a state hearing is held and factual determinations are made, those findings must be treated with deference even where some deficiency is present, unless the opposing party can show by clear and convincing evidence that they are incorrect. See, e.g., Valdez v. Cockrell, 274 F.3d 941 (5 Cir.), cert.denied, 537 U.S. 883 (2002). In short, as the Eleventh Circuit has said, under the AEDPA "... state court factual determinations are presumed correct and a federal habeas petitioner is stuck with them unless he can rebut their correctness with clear and convincing evidence to the contrary." Hunter v. Secretary, Dep't of Corrections, 395 F.3d 1196 (11 Cir. 2005).

17

Here, the state courts' finding that neither prong of the Strickland analysis is satisfied by Destine's contention that counsel rendered ineffective assistance with respect to the police officer's testimony was in accord with these applicable federal principles, and the same result should pertain here. Williams v. Taylor, supra.

In his seventh claim, Destine asserts that counsel rendered ineffective assistance by failing to object and move for mistrial after the prosecutor's improper closing argument, which was quoted above in connection with claim five.   Following the collateral evidentiary hearing, the state court rejected this argument, holding:

> As to Claim III, in which Destine alleges that trial counsel rendered ineffective assistance by failing to object to two portions of the prosecutor's closing argument, this Court credits the testimony of Attorney Heyer-Gold, to the effect that she did not deem these remarks to be misstatements of the law or unduly prejudicial, such that a motion for mistrial would have been granted, if sought. This Court further finds a lack of prejudice from any omission of counsel.

> [DE 14, Ex.9 at 2]

Under Florida law, a mistrial is proper when an error is so prejudicial and fundamental that the expenditure of further time and expense would be wasteful or futile, because the error vitiated the fairness of the entire trial, Duest v. State, 462 So.2d 446 (Fla. 1985), and it "should be granted only when it is necessary to ensure that the defendant receives a fair trial." Goodwin v. State, 751 So.2d 537 (Fla.), cert. denied, 523 U.S. 1051 (1998). It is

readily apparent for the reasons discussed in relation to claim
five, <u>supra</u>, that the prosecutor's arguments were not so egregious
as to meet this standard. Therefore, as the state court determined,
counsel made no error and caused Destine to suffer no prejudice
when no mistrial motion was made, <u>cf</u>. <u>Strickland</u>, <u>supra</u>, so no
federal relief is warranted on claim seven. <u>Williams v. Taylor</u>,
<u>supra</u>.

In his eighth claim, Destine contends that he received
ineffective assistance of counsel when his attorney failed to move
to dismiss the indictment on the ground that perjured testimony was
presented to the grand jury. The state collateral court found this
assertion to be without merit for the following reasons:

> As to Claim VIII, in which Destine
> alleges that trial counsel rendered
> ineffective assistance by failing to move
> to dismiss the indictment, on the grounds
> that perjured testimony had been
> presented to the grand jury, this Court
> finds that the defendant has failed to
> demonstrate, in fact, that any perjured
> testimony was presented, or that trial
> counsel could reasonably have been
> expected to make such motion, based upon
> what she knew at the time. This Court
> credits the testimony of Attorney Heyer-
> Gold, to the effect that neither the
> affidavit of Chantele Augustine nor the
> second sworn statement of Sinabon Georges
> put her on notice of any potential
> challenge to the Indictment, or provided
> a particularized need to seek unsealing
> of the grand jury proceedings; this Court
> credits the testimony of Attorney Heyer-
> Gold, to the effect that she believed
> that, if pressed, Ms. Augustine would not
> have stood behind this affidavit, and, if
> called to testify, would have testified
> in accordance with her initial statements
> to the police, and notes that Destine
> failed to cal Ms. Augustine as a witness

19

at the evidentiary hearing. This Court
further finds that Destine has failed to
demonstrate prejudice from any omission
of counsel in this respect, especially in
light of the fact that the trial jury
convicted the defendant, based upon the
State's presentation of evidence of the
defendant's guilt beyond a reasonable
doubt.

[DE 14, Ex.9 at 3-4]

Once again, the state court's foregoing findings are
consistent with both the record and with applicable federal
authorities. Counsel testified at the evidentiary hearing that
Destine's claim that witnesses had recanted their grand jury
testimony was "not quite as clean" as Destine made it sound. She
explained that she was aware that Sinabon Georges had changed his
statement, but that even in the second version he "still ha[d]
Patrick coming over and threatening" Chantele, "so it was not as
clean as he was nowhere to be found with respect to the incident."
[DE 14, Ex.8 at 46] Due process is violated only when the state
knowingly introduces materially false evidence in a criminal
prosecution, <u>Giglio v. United States</u>, 405 U.S. 150 (1972), and as
the state court found, there was nothing which would have caused
defense counsel reasonably to conclude that the indictment in this
case had been so tainted. Consequently, ineffective assistance has
not been demonstrated, <u>cf</u>. <u>Strickland</u>, <u>supra</u>, and the denial of
relief on Destine's eighth claim should not be disturbed here.
<u>Williams v. Taylor</u>, <u>supra</u>.

For the foregoing reasons, it is recommended that this
petition for habeas corpus relief be denied.

Objections to this report may be filed with the District Judge

20

within ten days of receipt of a copy of the report.

Dated this 17th day of May, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Patrick Destine, <u>Pro Se</u>
     DC #193955
     Dade Correctional Institution
     19000 S.W. 377th Street
     Florida City, FL 33034-6499

     Joseph A. Tringali, AAG
     Office of the Attorney General
     Department of Legal Affairs
     1515 North Flagler Drive, #900
     West Palm Beach, FL 33401