UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number:06-61568-CIV-MARTINEZ-WHITE**

PATRICK DESTINE,

    Petitioner,

vs.

JAMES McDONOUGH,

    Respondent.
_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

    This matter came before the Court upon Magistrate Judge White's Report and Recommendation regarding Petitioner's Petition for Writ of Habeas Corpus. **(D.E. No. 18)**. The Court has reviewed the entire file and record, and the Court has made a *de novo* review of the issues that Petitioner's voluminous objections present. (D.E. No. 21). After careful consideration, the Court concludes that Magistrate Judge White's Report and Recommendation should be adopted.

    In his first claim, Petitioner argues that the evidence was insufficient to sustain his convictions. The Court has carefully considered the record in this case, and concludes that a rational trier of fact could have found proof of Petitioner's guilt beyond a reasonable doubt. *See Melendez v. State*, 498 So.2d 1258, 1261 (Fla. 1986). Petitioner's detailed arguments regarding this claim are not persuasive.

    Petitioner argues in his second, third, fourth and fifth claims that his due process rights were violated by various errors committed by the trial court, thereby entitling him to habeas

relief.  In his objections regarding his second claim, Petitioner asserts that this Court should find the trial court violated his constitutional rights by allowing a police officer to testify that a fellow officer did not believe Petitioner's statement.  However, after looking at the record as a whole, the Court concludes that the trial court's ruling regarding such testimony did not adversely affect the fundamental fairness of the trial.  *See Estelle v. McGuire*, 502 U.S. 62 (1991).  Therefore, habeas relief is not entitled on Petitioner's second claim.

In his third claim, Petitioner argues that his due process rights were violated because the trial court limited the scope of examination of a co-defendant's girlfriend.  Petitioner's argument is without merit.  The record demonstrates that Petitioner was able to cross-examine the witness concerning both pending criminal charges and the possibility that she might derive some benefit from her testimony.  Although the trial judge did not allow questions regarding the specifics of the crime, such a limitation did not compromise the fundamental fairness of Petitioner's trial.  *See id.*

Petitioner argues in his fourth claim that his right to due process was violated when the trial court refused to give a requested jury instruction regarding Petitioner's statement to the police.  However, alleged errors in a state court's jury instructions form no basis for federal habeas corpus relief unless they are so prejudicial as to render the trial fundamentally unfair.  *Jones v. Kemp*, 794 F.2d 1536, 1540 (11th Cir. 1986).  Because an omitted or incomplete instruction is less likely to be prejudicial that an overt misstatement of the law, Petitioner bears a heavier burden in establishing a violation of due process when arguing that a suggested instruction should have been used instead of a standard one.  *See Henderson v. Kibbe*, 431 U.S. 145, 154 (1977).  In the present case, the court declined to give Petitioner's suggested instruction

on the voluntariness of a confession and instead gave the standard Florida jury instruction. As such, Petitioner's due process rights were not violated, and the fact that Petitioner's requested instruction was omitted does not create a basis for federal relief.

In his fifth claim, Petitioner argues that his right to due process was violated by the prosecutor's closing arguments, which Petitioner alleges urged the jurors to apply a standard other than reasonable doubt. A determination that prosecutorial misconduct rendered a trial fundamentally unfair "depends on whether there is a reasonabl[e] probability that, in the absence of the improper remarks, the outcome of the trial would have been different." *Williams v. Weldon*, 826 F.2d 1018, 1023 (11th Cir. 1987). After careful review of the record, the Court is not persuaded that, in the absence of the prosecutor's alleged improper statements, the outcome of the trial would have been different.

Petitioner's sixth, seventh and eighth claims argue that he received ineffective assistance of counsel. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). The evidence on the record, as well as Petitioner's arguments regarding ineffective assistance of counsel, do not meet that standard or otherwise merit habeas corpus relief. Therefore, it is hereby:

**ADJUDGED** that United States Magistrate Judge White's Report and Recommendation **(D.E. No. 18)** is **AFFIRMED** and **ADOPTED**. Accordingly, it is:

**ADJUDGED** that,

   1. Petitioner's claims be dismissed pursuant to 28 U.S.C. §1915 (e) (2) (B) (ii), for

    failure to state a claim upon which relief may be granted.

    2.  This case is **CLOSED**.

    DONE AND ORDERED in Chambers at Miami, Florida, this 30th day of October, 2008.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge
All Counsel of Record